In the matter of ORRIN THOMPSON *et al.* agt. NATHAN P. ROCKWOOD *et al.*

NATHAN P. ROCKWOOD *et al.* agt. ORRIN THOMPSON *et al.*

An appeal from the order of a circuit judge, denying a motion to vacate a former order which is alleged to be a nullity, should bring before this court the original order alleged to be null and void, as well as the order appealed from.

The circuit judge of the first circuit has no power to grant a common law certiorari.

*April Term*, 1846.

MOTION by defendants in the second entitled cause to vacate an order of the circuit judge of the first circuit.

On the 13th of December last, an order was made by Judge EDMONDS of the first circuit, at a special term held by him, allowing a certiorari, to remove and bring before the circuit judge proceedings in the matter of N. P. Rockwood and H. D. Tuttle ads. Orrin Thompson *et al.*, under the " Act to abolish imprisonment for debt, and to punish fraudulent debtors," passed April 26, 1831 : instituted by O. Thompson *et al.*, before Michael ULSHOEFFER, first judge of the court

[*137]      *of common pleas for the city and county of New-York, against N. P. Rockwood *et al.*   On the 31st day of January last, a motion was made before the circuit judge, on behalf of Orrin Thompson *et al.*, to vacate the order of the 13th December, and the certiorari thereupon issued, upon papers showing that Orrin Thompson resided out of the city of New-York, to wit, in the state of Connecticut; the affidavit of Thompson stated positively that he resided in Connecticut, and had for five years.   It was also shown that George W. Niles, the attorney for Rockwood and Tuttle, resided in Brooklyn, in the county of Kings.   Affidavits in opposition to the motion were read, denying the permanent residence of G. W. Niles in Brooklyn, and that he was a resident of the city of New-York ; also, that Orrin Thompson's name appeared in the New-York city directory, for the years of 1835, 36, 41, 42, 43, 44, 45, as a resident of the city ; and for several of those years his residence was put down in Anthony street, and that he carried on business at No. 8 Spruce street. The circuit judge, on his decision, remarked, that " he did not see how he could entertain the motion.   It was predicated on the idea that Thompson was a non-resident of the city ; if that was so, he had no jurisdiction to grant the motion ; and if it was not so, then there was no reason for granting it, so that in either event it would have to be denied with costs."   The rule was entered accordingly on the 16th of February last.   An appeal was taken from the decision of the circuit judge of the

16th of February, and brought on to argument at the present special term.

> J. EDWARDS, *counsel for motion.*
> WM. S. SEARS, *attorney for motion.*
> R. W. PECKHAM, *counsel opposed.*
> GEO. W. NILES, *attorney opposed.*

BEARDSLEY, Justice.   Denied the motion without costs to either party, on the ground that the appeal from the order of the 16th February last did not bring before the court the order of the 13th December, allowing the certiorari; and stated on the argument, that the circuit judge had no authority to allow the certiorari in the matter: it was a common law certiorari, and not provided for by the statute, and that in his opinion the certiorari was not of any force or effect.